UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-00258-04 |
| | ) | CHIEF JUDGE CAMPBELL |
| VICENTE ARELLANO-GARCIA | ) | |

**MOTION AND INCORPORATED MEMORANDUM
FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD
AND FOR APPOINTMENT OF NEW COUNSEL**

**COMES NOW** R. David Baker, Assistant Federal Public Defender, who, being presently counsel of record for defendant Vicente Arellano-Garcia in the captioned matter, and pursuant to Rule 1(g) of the Local Rules of Court for the Middle District of Tennessee, respectfully moves this Honorable Court for the entry of an order granting him leave to withdraw as counsel of record in the instant proceeding and appointing a Criminal Justice Act Panel Attorney to represent the defendant. As grounds for this motion, present counsel shows that:

The Office of the Federal Public Defender was appointed to represent Mr. Arellano-Garcia on October 28, 2010. (D.E. 28) This case is presently set for trial on October 11, 2011.

The basis for undersigned counsel's motion to withdraw is that counsel has recently received information that a conflict of interest has arisen in counsel's representation of Mr. Arellano-Garcia. Ethical rules require that counsel move to be relieved from any further representation of Mr. Arellano-Garcia. Undersigned counsel certifies to the Court that he advised Mr. Arellano-Garcia of his intent to move to withdraw as counsel of record in person on March 28, 2011, at the Robertson County Jail in Springfield, Tennessee. Mr. Arellano-Garcia understands that counsel must move to withdraw and is eager for this Court to appoint new counsel to represent him. Counsel

has discussed the conflict with Assistant United States Attorney Alex Little and Mr. Little has indicated that the government believes that a conflict of interest exists and that new counsel should be appointed to represent Mr. Arellano-Garcia. Ethical considerations prohibit undersigned counsel from commenting in further detail with regard to the nature of the conflict. However, if the Court requires, undersigned counsel will provide further details to the court, in an ex parte proceeding.

The Sixth Amendment to the United States Constitution requires that Mr. Arellano-Garcia receive effective representation of counsel. Every accused has a Sixth Amendment right to conflict-free counsel. *See e.g.*, *Wheat v. United States*, 486 U.S. 153 (1988); *Holloway v. Arkansas*, 435 U.S. 475 (1978). That term has been defined to mean conflict free counsel as required by the Due Process Clause of the Fifth Amendment. Such a conflict exists in this case. Undersigned counsel should not continue to represent Mr. Arellano-Garcia in light of this apparent conflict situation. Accordingly, undersigned counsel should be permitted to withdraw as counsel of record in the instant case and a CJA panel attorney appointed.

**WHEREFORE**, undersigned counsel respectfully avers that the interests of Mr. Arellano-Garcia and the ends of justice would best be served by permitting him to withdraw as counsel of record in this matter. An attorney from the Criminal Justice Act Panel should, therefore, be appointed to represent Mr. Arellano-Garcia.

Respectfully submitted,

 *s/ R. David Baker*
**R. DAVID BAKER**
Assistant Federal Public Defender
Attorney for Defendant
810 Broadway Suite 200
Nashville, TN 37203

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2011, I electronically filed the foregoing *Motion and Incorporated Memorandum For Leave to Withdraw as Counsel of Record* and for Appointment of New Counsel which will send a Notice of Electronic Filing to the following: **Mr. Alex Little**, Assistant United States Attorney, 901 Ninth Avenue South, Suite A961, Nashville, TN 37203-3870.

        *s/ R. David Baker*
        R. DAVID BAKER